IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **BLUE HORIZON INNOVATIONS, LLC** and **DAVID L. FRANK,**<br><br>      **Petitioners,**<br><br>v.<br><br>**DANIEL PHILLIPS,**<br><br>      **Respondent.** | Misc. No. 3:23-mc-00016-FDW-SCR |
| **R. DANIEL GENTLES,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**BLUE HORIZON INNOVATIONS, LLC** and **DAVID L. FRANK,**<br><br>      **Defendants.** | Underlying Case:<br><br>Case No. 2:21-cv-16420-CCC-CLW<br><br>United States District Court<br>District of New Jersey |

## **MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court following a Show Cause Hearing held November 7, 2023. See Order to Show Cause for Enforcement of Subpoena (Doc. No. 10); Motion of Petitioners Blue Horizon Innovations, LLC and David L. Frank (collectively, "Petitioners") (Doc. No. 5) (seeking an Order to Show Cause for failure to comply with and summary enforcement of this Court's March 24, 2023 Order compelling compliance with Petitioners' Subpoena to Respondent Daniel Phillips for documents and testimony) and supporting briefs (Doc. Nos. 6-9); Subpoena dated September 1, 2022 (Doc. No. 2-3); Text-Only Order entered March 24, 2023 (granting "Blue Horizon Innovations, LLC's and David L. Frank's Motion to Compel Compliance

1

with Subpoena to Daniel Phillips" (Doc. No. 1)); and filings related to the Show Cause Order (Doc. Nos. 11-13).

Petitioners served Respondent with a Subpoena dated September 1, 2022. (Doc. No. 2-3). The Subpoena required a deposition, which was originally set for September 22, 2022, and included the following request for documents:

> For the period of January 1, 2013 through the present:
> 1. A complete copy of and any and all documents and/or communications relating to Blue Horizon Innovations, LLC, David L. Frank, Precision Benefits, LLC, Nextgen Financial, LLC, any entity controlled by R. Daniel Gentles, and/or R. Daniel Gentles.
> 2. A complete copy of and any and all documents and/or communications related to any investment or potential investment in, or purchase of, Blue Horizon Innovations, LLC.

Id. Respondent neither submitted a timely objection to the Subpoena nor filed a Motion to Quash.

On March 24, 2023, this Court granted Petitioners' Motion to Compel (Doc. No. 1), and ordered Respondent to comply with the Subpoena within fifteen days. See Text-Only Order entered March 24, 2023.

On June 13, 2023, the Hon. Cathy L. Waldor also issued an order in the underlying New Jersey litigation requiring Respondent to comply with the Subpoena. (Doc. No. 6-4).

Afterwards, on September 18, 2023, upon review of Petitioners' Motion for Order to Show Cause, this Court found that Petitioners had "credibly assert[ed] that Respondent has been provided a copy of both this Court's and Judge Waldor's Orders, but has not fully complied with the Subpoena." (Doc. No. 10 at 2). Accordingly, Respondent was ordered to appear and "**SHOW CAUSE why he should not be held in contempt for failure to comply with this Court's Order to fully respond to Petitioners' Subpoena**." Id. (emphasis in original).

The Court permitted Respondent to submit a response brief, which he filed on October 20, 2023. (Doc. No. 12). On October 27, 2023, the Petitioners filed their reply brief. (Doc. No. 13).

Respondent appeared on November 2, 2023, as ordered. Following an on the record discussion, the pro se Respondent requested a continuance to consult with counsel.[1] The Court continued the hearing until November 7, 2023, which was a date agreed to by Petitioners and Respondent.

At the second Show Cause Hearing on November 7, 2023, both Petitioners and Respondent appeared, although Respondent remained pro se, and the Court heard from them.[2]

Pursuant to Rule 45(g), a court "may hold in contempt a person who, having been served fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). To establish civil contempt, the Petitioners must prove by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

F.T.C. v. Pukke, 53 F.4th 80, 101 (4th Cir. 2022), cert. denied, No. 22-958, 2023 WL 6377807 (U.S. Oct. 2, 2023) (quoting De Simone v. VSL Pharms., Inc., 36 F.4th 518, 529 (4th Cir. 2022)). The Court has broad discretion to determine the appropriate remedy for civil contempt. Williams v. AT&T Mobility LLC, No. 5:19-CV-475-BO, 2022 WL 705912, at *1 (E.D.N.C. Feb. 18, 2022) (citing In re Gen. Motors Corp., 61 F.3d 256, 259 (4th Cir. 1995)). Such remedies may include a compensatory fine or coercive daily fine, as well as attorney's fees and expenses. Id. (citation omitted).

At the Show Cause Hearing, Respondent did not contest Petitioners' allegations that he

---

[1] Respondent appeared pro se at the initial Show Cause Hearing. At the start of the Show Cause Hearing, the Court explained the serious nature of the Show Cause Order to Respondent and informed him that the Court would consider continuing the Show Cause Hearing if he were inclined to obtain counsel before being heard on the Show Cause Order. Respondent then requested a continuance, which was granted.

[2] At the second Show Cause Hearing, Respondent stated he was unable to retain counsel and that he would proceed pro se.

failed to fully respond in the manner required by both the Subpoena and court orders. Respondent identified himself as a CEO, in other words, a sophisticated individual capable of understanding and complying with the Subpoena and the court orders. Respondent did not dispute that he had been provided a copy of both this Court's and Judge Waldor's Orders. Respondent was open to a deposition, but had not yet submitted to one as required by the Subpoena. In addition, Respondent conceded that he "did not produce all documents," which he attributes to miscommunications between himself and his staff because he travels frequently out of the country on business. Despite this explanation, Respondent has been given ample time to clear up any miscommunications with his staff. In fact, Respondent has now had over a year to comply, but has still failed to fully comply with the Subpoena even after Petitioners sent numerous emails outlining the deficiencies. (Doc. No. 6). Even more concerning, Respondent failed to comply despite two different judges ordering him to do so.

Respondent stated that he had begun collecting additional responsive documents, including emails, but had not collected all responsive text messages. According to Petitioners, Respondent made a supplemental production the evening before the Show Cause Hearing, but it did not include text messages and was still deficient in other ways.

For example, the Subpoena also required production of "any and all documents and/or communications related to any investment or potential investment in, or purchase of, Blue Horizon Innovations, LLC." (Doc. No. 2-3). Respondent did not dispute that he failed to produce responsive communications concerning investors or potential investors in or purchasers of Blue Horizon Innovations, LLC., but instead he contends that any information related to investors was "after the fact" and confidential. The Court finds to the extent this is an objection, it is untimely. Further, it is commonplace in cases like this one for confidential investor information to be produced with any confidentiality concerns addressed by a protective order.

4

Considering all of this, the undersigned finds that Petitioners have carried their burden of showing by clear and convincing evidence that Respondent had knowledge of a valid decree that he knowingly violated to the Petitioners' detriment. As the Court noted in detail at the Show Cause Hearing, to the extent Respondent attempted to produce any documents, he did not do so until he had been <u>ordered</u> to do so and those responses were and remain significantly deficient.[3] Moreover, the undersigned's Order will be the <u>third</u> court order requiring Respondent to comply with the Subpoena. Petitioners are the Defendants in the underlying case and have satisfied their burden by detailing how Respondent's unresponsiveness has caused delays in the underlying case and impacted their ability to defend themselves. (Doc. No. 6 at 5).

Accordingly, after carefully considering the record, applicable authority, and arguments made by the parties at the November 7 Show Cause Hearing, the undersigned **ORDERS** Respondent to comply with the documents portion of the Subpoena by December 1, 2023, and to submit to a deposition no later than December 8, 2023. Due to Respondent creating this delay and for his continued failure to comply, the undersigned respectfully recommends that Respondent be required to pay Petitioners' attorney's fees and costs in obtaining this Order in an amount to be determined by the District Judge once Petitioners have submitted an affidavit of attorney's fees and costs.[4]

Further, the undersigned respectfully recommends that <u>if</u> Respondent does not fully comply as **ORDERED** herein by the December 2023 deadlines, Respondent shall be fined through

---

[3] At the Show Cause Hearing, the Court discussed with Respondent several of the deficiencies in his production that according to Petitioners include, but are not limited to, failure to produce communications with investors or potential investors, drafts of and/or communications related to Letters of Intent ("LOI") and Memoranda of Understanding ("MOUs"), and all written communications with Mr. Frank and Mr. Gentles including emails, text messages and chats. The Court also cautioned Respondent about preserving information responsive to the Subpoena and obtaining a protective order if confidentiality is at issue, and serving a privilege log if there is a claim of privilege and/or attorney work product.

[4] For the sake of clarity, the recommendation of the award of attorney's fees and costs does not include the attorney's fees and costs of deposing Respondent or reviewing Respondent's discovery.

the Court's civil contempt powers as outlined below. Perhaps as the old saying goes, the third time will be the charm here. But, in the event that Respondent fails to fully comply after being ordered for a third time, then the undersigned recommends a monetary sanction as nothing short of a sanction will ensure a full response.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1. On or before December 1, 2023, Respondent Daniel Phillips shall fully comply with and respond to the Subpoena consistent with this Order and as discussed at the November 7, 2023 Show Cause Hearing. Respondent's production shall be made in verified form. To the extent Respondent claims any responsive documents or other information is privileged or is otherwise being withheld, he shall produce a privilege log.

2. Respondent shall appear for his deposition in Charlotte, North Carolina, on December 6, 7, or 8, 2023.

3. Within seven days of this Order, Petitioners shall submit an affidavit of attorney's fees and costs claimed in connection with obtaining this Order for consideration of the District Judge.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that:

1. Petitioners be awarded reasonable attorneys' fees and costs incurred in obtaining this Order to enforce the Subpoena in an amount to be determined by the District Judge based on the Petitioners' forthcoming affidavit of attorney's fees and costs.

2. If the Respondent fails to fully respond to the Subpoena or appear for his deposition as ordered above, that Respondent be fined one hundred dollars ($100) per day thereafter until he fully complies, not to exceed $5,000.

**TIME FOR OBJECTIONS**

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, to the pro se Respondent Daniel Phillips at 7901 Allen Black Road, Charlotte, NC 28277; and to the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED**.

Signed: November 8, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge