**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:23-MC-00016-FDW-SCR**

**BLUE HORIZON INNOVATIONS, LLC, AND DAVID L. FRANK,**

**Petitioners,**

**v.**

**DANIEL PHILLIPS,**

**Respondent.**

**ORDER**

**THIS MATTER** is before the Court on Respondent's Objections, (Doc. No. 19), to the Order and Memorandum and Recommendation ("M&R"), (Doc. No. 16), issued by the magistrate judge recommending Petitioners be awarded reasonable attorneys' fees and costs incurred in obtaining the Order to enforce the Subpoena. As ordered by the Court, Petitioners filed an Affidavit of Attorneys' Fees and Costs seeking to recover $12,285.00 in attorneys' fees and $128.96 in costs. (Doc. No. 17.) Respondent objects to the M&R and argues Petitioners seek an unreasonable amount of attorneys' fees and fees for conduct unrelated to Respondent's failure to comply with the prior order. For the reasons that follow, the Court OVERRULES Respondent's objections, AFFIRMS the M&R, and ORDERS Respondent to pay $12,285.00 in attorneys' fees and $128.96 in costs.

## I. BACKGROUND

Respondent does not object to any of the Findings of Fact in the M&R, and they are therefore adopted as if fully set forth herein. In short, this matter involves a dispute arising out of Petitioners' service of a Subpoena on Respondent in September 2022. Respondent failed to comply with the Subpoena and multiple orders seeking to compel compliance. Ultimately, the

magistrate judge in this case conducted two Show Cause Hearings, where Petitioners and Respondent appeared. After carefully considering the record, applicable authority, and arguments made by the parties at the November 7 Show Cause Hearing, the court ordered Respondent to comply with the documents portion of the Subpoena by December 1, 2023, and to submit to a deposition no later than December 8, 2023. (Doc. No. 16, p. 5.) Due to Respondent creating unreasonable delay and for his continued failure to comply, the magistrate judge recommended that Respondent be required to pay Petitioners' attorneys' fees and costs in obtaining an order to comply in an amount to be determined by this Court once Petitioners submitted an affidavit of attorney's fees and costs. (Doc. No. 16, p. 6)

In addition to not objecting to the findings of fact, Respondent does not object to the M&R's conclusions of law. Instead, Respondent's objections make clear the parties disagree as to the amount of attorneys' fees and costs this Court should award.

**II. STANDARD OF REVIEW**

A party may file written objections to a magistrate judge's M&R within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C. § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.") (cleaned up).

If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court

reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the record, "The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Additionally, a reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991); United States v. MacConnell, No. 3:10-CR-9-FDW-DCK, 2010 WL 3399166, at *2 (W.D.N.C. 2010); United States v. Brooks, No. 1:05CR248-1, 2006 WL 695079, at *1 (W.D.N.C. 2006).

## III. ANALYSIS

Respondent objects to the M&R to the extent it recommends taxing Petitioners' reasonable attorneys' fees and costs incurred in obtaining an Order to enforce the subpoena against Respondent. In support of his objection to the Court's M&R, Respondent argues the award of attorney's fees is unreasonable because they are block billed, duplicative, and unrelated to the misconduct for which the Court awarded Petitioner attorney's fees. Petitioner disagrees and asserts the billing is reasonable and accurately reflects counsel "was forced to research for and draft two motions, three briefs (excluding this filing), and prepare for and attend two hearings," (Doc. No. 20, p. 3), for the motion to compel.

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). Courts are guided by twelve factors

known as the Johnson/Barber factors to determine a reasonable rate and reasonable number of hours:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243–44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). The Court accordingly considers each factor in its analysis.

As the Supreme Court noted in Hensley v. Eckerhart there is a significant difference between a bill that a lawyer presents to an opposing party and a bill submitted to a client in a relationship of trust. "In the latter case, the attorney and client have presumably built up a relationship of mutual trust and respect." In accounting for attorneys' fees for opposing parties or the court:

> "there is, of course, no relationship of trust and confidence between the adverse parties. As a result, the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."

Hensley v. Eckerhart, 461 U.S. 424, 441, (1983) (Burger, C.J., concurring).

Respondent contends Petitioners' counsel engaged in the practice of block billing on multiple occasions, which calls into question the reliability of the billing records and precludes the Court from making a fair evaluation. "The practice of 'block billing' involves listing multiple tasks within a single time entry. This practice is problematic because it does not provide the district court with a clear sense of how many hours were performed on a particular task because multiple tasks are lopped into a single block of hours." Triplett v. N. Carolina Dep't of Pub. Safety, No. 5:15-cv-

00075, 2017 WL 3840422, at *4 (W.D.N.C. Sept. 1, 2017) (applying a 10% reduction to an entry to account for block billing and purely clerical work used in entry); see also McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (describing block billing as "lumping tasks together in time entries rather than making such entries task-by-task). Overbroad listing of tasks within a single billing entry makes it difficult for a court to review whether an attorney's hours on a given task were reasonable versus excessive. Kinsinger v. SmartCore, LLC, No. 317CV00643FDWDCK, 2020 WL 2926476, at *5 (W.D.N.C. June 3, 2020) (citation omitted). In Kinsinger, this Court concluded counsel block billed for the entry "11/2/2016 'Drafted revised demand letter and complaint, inclusive of research re: potential claims under NC UDTPA and ERISA 510'" and reduced the amount awarded for this entry by 10%. Id.

Here, Petitioners lump tasks together in time entries rather than making such entries task-by-task. For example, on October 26, 2023, Petitioners list "[r]review respondent's opposition filing; research contempt case law; draft reply brief in support of order of contempt; email correspondence with lead counsel, research case law analyzing NDA's impact on a third-party's discovery obligations" as one billed task lasting six hours. (Doc. No. 17-1, p. 2.) Again, on November 2, 2023, Petitioners similarly list "[p]repare for hearing on order to show cause why D. Phillips should not be held in contempt for failure to comply with subpoena; attend hearing; conference calls with G. Farrell regarding hearing" also under one task lasting six hours. (Id.) Respondent's list six other entries that were similarly billed in their Objection, including entries on: February 2, February 3, June 21, July 25, July 26, and November 7 of 2023. (Doc. No. 17-1, p. 1–2.)

Although the better practice would be to separate out these tasks for the Court's review, the affidavit in support of attorney's fees consolidates fees per day and contains sufficient

specificity to allow meaningful review. It is not impossible for this Court to make reasonable evaluation into the block-billed section, determine the entries substantially support the amounts claimed, and conclude the amount sought is reasonable and not excessive.

Respondent also argues Petitioners' counsel engaged in duplicative work having prepared for the show cause hearing for on November 2 and again on November 7. The entries are nearly identical citing preparation for the show cause hearings, attending the hearings, and conducting "conference calls with G. Farrell" about the hearings. (Doc. No. 17-1, p. 2.) Importantly, the hearing on November 7 was a continuation of the hearing on November 2 and came at *Respondent's* request. (Doc. No. 16, p. 3, n.1.) Petitioner did not ask for the continuance. Additionally, it is reasonable to assume the 5.9 hours spent in preparation for the hearing on November 7 were necessary for Petitioners' counsel to provide zealous advocacy to their client. If Respondent had wished to avoid the cost incurred due to the continuance, he could have been prepared at the hearing on November 2—a full two months after receiving the initial show cause order. The Court finds the attorney's fees entries and amounts sought to be awarded to be reasonable under this record.

Respondent also argues Petitioners' attorneys seek to recoup attorneys' fees unrelated to Respondent's misconduct and cites nine entries for exclusion. (Doc. No. 19-1, p. 4.) In response, Petitioners contend they retained counsel "solely to the enforcement of the subpoena issued and served in the Underlying Action." (Doc. No. 20, p. 2), and all fees in relation to the matter relate to Respondent's misconduct and continued failure to comply. The M&R recommended "Petitioners be awarded reasonable attorneys' fees and costs incurred in obtaining this Order to enforce the Subpoena in an amount to be determined by the District Judge based on the Petitioners' forthcoming affidavit of attorney's fees and costs." Therefore, the entire action surrounded

Respondent's misconduct that the magistrate judge adjudicated should result in the taxing of attorney's fees. The record clearly reflects the motion to compel compliance of the subpoena was filed on February 3, (Doc. No. 1), only a day after Petitioner's counsel first billed on February 2, (Doc. No. 17-1, p. 1.). Respondent has failed to demonstrate counsel's work since February 2023 is unrelated to enforcing the subpoena. Petitioners are entitled to recover all attorneys' fees sought in this action.

**IT IS THEREFORE ORDERED** that the Court OVERRULES Respondent's objections, (Doc. No. 19); AFFIRMS the M&R, (Doc. No. 16); and ORDERS Respondent to pay $12,285.00 in attorneys' fees and $128.96 in costs.

**IT IS SO ORDERED.**

Signed: July 10, 2024

Frank D. Whitney
United States District Judge